UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MANLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-02586-JMS-DML |
| | ) |
| KEITH BUTTS, SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Having considered the pleadings and the expanded record in the present action, and being duly advised, the Court finds that petitioner James Manley has not met this burden as to his challenge to a disciplinary proceeding identified as No. NCF 16-05-157. This conclusion rests on the following facts and circumstances:

1. On May 16, 2016, Manley was charged with Possession of a Controlled Substance. The written charge recited that on that date Lt. Storms was retrieving some of Manley's religious material from storage at the New Castle Correctional Facility and while doing so noticed a bottle with a red lid with a suspicious clear/white rock-like substance inside. Lt. Storms took the bottle to the Internal Affairs Office, where the item inside the bottle was removed and tested. That item tested positive for methamphetamine, which is a controlled substance. Manley was notified of this charge on May 23, 2016 and was notified of his procedural rights in connection with the matter.

2.     A hearing on the charge was conducted on May 25, 2016. Manley was present at that hearing, accompanied by a lay advocate, and made a statement concerning the charge. His statement was that the only thing he had in his property was sea salt, that prison staff had been in his property, and that he had a clean drug test on approximately April 11, 2016. The hearing officer considered this statement, together with the other evidence, and found Manley guilty of the charged misconduct. Sanctions were imposed. This action was filed following the completion of Manley's administrative appeal.

3.     In a setting such as presented by Manley, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

4.     Applying the requirements of *Wolff* and *Hill* as an analytical template, Manley received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Manley was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

     5.     Manley's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

     a.     Manley's first claim is that he received inadequate notice. As noted, he was entitled to notice of the charge he faced at least 24 hours before the hearing. The expanded record actually refutes this claim; Manley was notified of the charge on May 23, 2016 and the hearing was conducted on May 25, 2016. There is no manner in which the notice provided to Manley failed to supply him with the minimum notice required by *Wolff*.

     b.     Manley challenges the sufficiency of the evidence. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and the decision must "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The conduct report recites what was found, the circumstances under which it was found, and the results of the field test of the substance found in the bottle. Manley requested that an additional forensic test be conducted, but nothing in his request or otherwise casts doubt on the results of the field test actually conducted. These circumstances certainly "point to" Manley's guilt and that is sufficient to show that the evidence supporting the hearing officer's decision is constitutionally sufficient. It might be added that cases have held that there is no due process right to a forensic test, *see Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient), and this leaves no doubt that an inmate also lacks a due process right to a second forensic test for confirmation of the results of a first such test.

     c.     Manley challenges the denial of certain witness statements and documentary or physical evidence, but the information he sought is not exculpatory. Due process only requires access to evidence that is exculpatory, and then only if disclosure would not "unduly threaten institutional concerns." *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d at 847. The decision to exclude the information, statements or items requested by Manley was nothing more than an exercise of prison authorities' discretion to keep the hearing within reasonable limits, which they are certainly permitted to do. *See Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.").

    d.    Manley contends that prison authorities acted vindictively, which perhaps suggests that the hearing officer was biased. 'An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff,* 418 U.S. at 571. But 'the constitutional standard for impermissible bias is high,' *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003), and an adjudicator is entitled to a presumption of 'honesty and integrity' absent clear evidence to the contrary, *see Withrow v. Larkin,* 421 U.S. 35, 47 (1975). 'Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace. Relationships among the inmates are varied and complex . . . . *Wolff v. McDonnell,* 418 U.S. 539, 562 (1974). "So has it been throughout the ages and so it is likely to continue." *Neal v. Oliver,* No. 2:12–CV–198–WTL–MJD, 2013 WL 3337955, at *1 (S.D.Ind. July 2, 2013). Nonetheless, this environment does not poison every measure taken by prison authorities to enforce rules of behavior. On the contrary, a board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *See McPherson,* 188 F.3d at 787 ("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). As already noted, the procedural protections required by *Wolff* were provided in No. NCF 16-05-157.

    e.    Manley claims that prison regulations and policies were violated in No. NCF 16-05-157. Apart from their nuances, claims of this nature do not support federal habeas corpus relief under 28 U.S.C. § 2254(a). *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672–73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied,* 516 U.S. 983 (1995).

    6.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Manley to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/1/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov

JAMES E. MANLEY
900778
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362